parties to the suit commenced by the process of scire facias, to be the petitioner or complainant, now the plaintiff, on the one side, and the patentee, now the defendant, on the other? There is no meaning in the language of the act, on any other construction. The complainant is expressly called the party, against whom, if the complaint is not sustained, the judgment of the court is to be rendered; and who, by that judgment, is to be compelled to pay the costs of the patentee or defendant, as in other cases. Can the judgment in any suit be rendered against a person not a party to it? Is any one of these provisions consistent with the idea, that the United States are, at any stage of the proceeding, to be brought in by the motion of the complainant, and put upon the record as the plaintiffs in the suit, to have a judgment for costs rendered against them as "the party at whose complaint the process issued." The person or party, at whose complaint the process did issue, and who was bound to sustain the allegations upon which it was issued, withdraws himself, on his own motion, from the controversy, and puts the United States there in his place, to suffer the penalty of his failure to support his own cause of action or complaint. The judgment is to be rendered against the party at whose complaint the process issued, and this cannot be done, unless the same party is also the party to the suit when the issue is tried and the judgment upon it rendered.

The act of the 7th June, 1794 [1 Stat. 393], was passed to restore suits which had been commenced under the act of 10th April, 1790 [Id. 109], and had been suspended or abated by the repeal of that law. The enactment is, that such suits and process may be restored at the instance of the plaintiff or defendant, and "the parties to the said suits, actions, process or proceedings are entitled to proceed, provided that, before any order or proceeding, other than for continuing said suits, after the reinstating thereof, shall be entered or had, the defendant or plaintiff, as the case may be, against whom the same may have been reinstated, shall be brought into court by summons, attachment or such other proceeding, as is used in other cases, for compelling the appearance of a party." Assuredly this provision was never intended for a suit to which the United States are a party: nor could the court compel their appearance by summons, attachment or any other proceeding. The complainant and the patentee, are clearly considered by this act, to be the parties, plaintiff and defendant in the suit.

The practice of the courts, so far as I have obtained a knowledge of it, is in conformity with this view of the law. The case of Stearns v. Barrett [Case No. 13,337], stands on the docket, as reported, as a suit between the complainant and the patentee. Upon the return of the scire facias, the patentee, (that is, Barrett) as defendant, plead-

ed, "that his letters patent were not upon false suggestion or surreptitiously obtained, as set forth in the said writ, and thereof he puts himself upon the country; and the plaintiff (that is, Stearns) puts himself, as to this issue upon the country likewise." Upon the issue thus formed, the parties, that is, Barrett and Stearns, went to trial before a jury. A special verdict was returned, in which the complainant and patentee, and nobody else, are treated and spoken of as the parties, plaintiff and defendant. The jury find that the plaintiff has not supported his allegations, and therefore they find for the defendant: and, accordingly, the judgment of the court was rendered for the defendant. The learned judge, throughout a long examination of the case, on several controverted points, uniformly, as the jury in their verdict had done, speaks of the complainant and the patentee, as the plaintiff and defendant in the suit, and no other party is alluded to.

The clerk of this court has examined its records, and produced several actions for the repeal of patents. Some of them are upon motions for process, and some after the scire facias has issued. In all, the parties are stated on the record to be the complainant, as the plaintiff; and the patentee, as the defendant. Not an instance, in which the United States were introduced as the plaintiffs, or, in any other way, as a party to the proceeding or suit, has been shown by the counsel for this motion, or come to the knowledge of the court. The motion was overruled.

WOODBRIDGE (GAULT v.). See Case No. 5,275.

## Case No. 17,968a.
In re WOODBURY.
[See 7 Fed. 705.]

## Case No. 17,969.
WOODBURY v. CRUM.
[1 Biss. 284;[1] 1 West. Law Month. 522.]
Circuit Court, N. D. Ohio. May Term, 1859.

NEGOTIABLE NOTE — LIABILITY OF INDORSER — NOTICE OF NONPAYMENT — WHEN DISPENSED WITH—PROPERTY TRANSFER BY MAKER TO INDORSER.

1. The transfer of property by the maker of a promissory note to the indorser for the express purpose of paying the debt will dispense with notice of non-payment, if the amount of property thus assigned be sufficient to satisfy the liability; not otherwise, although all the property of the maker may have been thus assigned.

2. If, however, the assignment to the indorser is in trust for general creditors, and sufficient only for the payment of a small portion of the debts of the maker, such transfer, although including all the debtor's property, is not sufficient to excuse the want of notice to the indorser.

This was an action on a promissory note for $1,144, bearing date May 23, 1853, made by

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]